COLLEGE ARMS HOTEL COMPANY *et al., Appellants,* v. AT-
  LANTIC COAST LINE RAILROAD COMPANY *et al.,* AP-
  *pellees.*

1.  Persons who own property at a town adjoining a railroad
    depot, and who, relying upon the continuance of the depot at
    the place, have improved the property, and "have enjoyed
    special facilities in the conduct of their business" incident to
    such location, have no right, on the ground of special and
    peculiar injury to their property rights, to enjoin the enforce-
    ment of an order of the Railroad Commissioners for the re-
    moval of the depot to another point at the town.

2.  Individuals have a right of access but not of proximity to a
    railroad depot.

This case was decided by the court En Banc.

The facts in the case are stated in the opinion of the
court.

*Wright & Wright* and *Geo. M. Robbins,* for Appellants;

*Louis C. Massey,* for Appellees.

ON REHEARING.

WHITFIELD, C. J.—Persons who own property at a town
adjoining a railroad depot, and who, relying upon the
continuance of the depot at the place, have improved the
property, and "have enjoyed special facilities in the con-
duct of their business" incident to such location, have no
right, on the ground of special and peculiar injury to
their property rights, to enjoin the enforcement of an
order of the Railroad Commissioners for the removal of
the depot to another point at the town.

A railroad depot should be located with reference to

the public convenience, and all persons are entitled to reasonable and impartial service at the depot; but except as may be lawfully authorized by section 2848, General Statutes of 1906, individuals cannot by suit enforce the location or continuance of a depot at a particular point on the ground of property rights. Individuals have a right of access but not of proximity to a railroad depot. The mere location of a depot is not *per se* a nuisance as is the obstruction of a public highway. Property losses incident to the removal of a depot that result in consequence of the exercise of lawful authority, do not afford a right of action where no trespass is committed upon private property. In the authorized removal of a depot no law is violated as in case of excessive charges or unjust discriminations. If depots are located in violation of the rights of the public, the wrong may be redressed through appropriate action taken by the proper public authorities.

A rehearing is denied.

All concur.